**UNITED STATES of America, Plaintiff,**

v.

**Joseph E. SEIDE, Defendant.**

**No. CR 79–939.**

United States District Court,
C. D. California.

May 12, 1980.

Andrea Sheridan Ordin, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Chief, Crim. Div. by Bert H. Deixler, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

Klein & Nelson, Beverly Hills, Cal. by Rowan K. Klein, Beverly Hills, Cal., for defendant.

---

## PRELIMINARY STATEMENT

HAUK, District Judge.

This matter comes before the Court upon the Order of the Court of Appeals for the Ninth Circuit dated April 21, 1980, in Case No. 80–1189, *United States of America v. Joseph E. Seide*, Central District of California, No. CR 79–0939–AAH.

Said Order of the Ninth Circuit states as follows:

"This case is remanded to the United States District Court for the Central District of California for the limited purpose of stating its reasons for the denial of bail pending appeal. The district court may, if it chooses, reconsider the denial of bail pending appeal. If the Court declines to alter its ruling it shall provide a statement of reasons for its decision." Fed.R.App.P. 9(b). "Appellant shall have seven days from the date of this Order to move the district court for reconsideration."

Pursuant to the aforesaid order of the Ninth Circuit Court of Appeals, this Court has held two hearings, the first one on Wednesday, May 7, 1980, the second one on Friday, May 9, 1980. In complying with the Order of the Court of Appeals, this Court in its Wednesday hearing discovered what appeared to be grave discrepancies in statements made by the defendant and his attorney regarding the former's financial status and Motion to Appeal in Forma Pauperis.

On March 7, 1980, defendant stated in a financial report attached to the Probation Presentence Report that he had cash of $29,000.

Defendant, also through his counsel, Rowan K. Klein, filed on April 30, 1980, in this Court his Motion for Bail Pending Appeal, supported by a copy of a Motion for Release Pending Appeal made before the Ninth Circuit, which included a Declaration executed by Mr. Klein under penalty of perjury on April 2, 1980, wherein he stated: "Mr. Seide has $29,000 in cash on hand and owns German bonds which are valued at $280,000." (Page 1 of said Declaration of Rowan K. Klein made under penalty of perjury).

Yet, curiously enough, in defendant's Motion to Appeal in Forma Pauperis, received by the Clerk of this Court on April 23, 1980, denied by the Court and filed on April 28, 1980, the defendant stated that he had *no cash,* and the only assets he claimed were some 1931 German Bonds, adding that in the previous twelve months he had received $100,000.00 income consisting of a settlement of an insurance claim. Said motion was signed by both the defendant and his attorney under penalty of perjury.

The Court has given full opportunity to the defendant Seide and his attorney, Mr. Klein, to explain the discrepancies between these three items. The Court cannot understand these inconsistencies as being other than indications of possible perjurious conduct by Mr. Seide, and perhaps even some aiding and abetting by his counsel, Mr. Klein.

Both the attorney, and the defendant upon his attorney's advice, have and each has refused to give any explanation whatsoever or answer any questions about these apparent discrepancies, and the indications of possible perjurious conduct and the possible aiding and abetting thereof.

The Court has fully reconsidered, as directed by the Court of Appeals for the Ninth Circuit in the aforesaid Ninth Circuit Order, this District Court's Order Denying Bail Pending Appeal.

At the hearing on Wednesday, May 7, 1980, and today's May 9, 1980, hearing, the Court made its findings orally, which it then ordered be put in writing and transmitted to the Court of Appeals, pursuant to the Court of Appeals aforesaid Order. All of such findings are in support of and constitute a statement of reasons for this District Court's decision denying bail pending appeal.

## FINDINGS OF FACT AND STATEMENT OF REASONS

1. The appeal is frivolous and is not taken in good faith. It is without merit and does not present a substantial question

within the meaning of 28 U.S.C. § 1915(a) and 28 U.S.C. § 753(f) for the following reasons:

(a) As appears conclusively in the transcript at the sentencing hearing and either admitted or not contradicted by either the defendant or his attorney, the defendant was legally, unequivocally and beyond any shadow of a doubt properly convicted by the jury in its verdict of guilty as to Counts 1, 2, and 3 in this case. Further, it appears conclusively that the understatement of income as charged in Count 1, and the failures to file returns as charged in Counts 2 and 3, was derived from fraudulent, false, wilful, knowing and illegal activities:

Count 1: The defendant admittedly or at least uncontradictedly at the sentencing hearing, was found guilty of violating the income tax laws by not reporting income which he received by reason of fraudulent activities in which he obtained $21,500 from a Mr. Sweet, and failed to report said fraudulent income to the Internal Revenue Service;

Counts 2 and 3: The defendant was found guilty of violating the Internal Revenue laws by failing to report income received by reason of fraud practiced upon Ralph and Rosslyn Pearl whereby he obtained $11,500, and fraud practiced upon Angela Vitagliano, an 80 year old lady, from which he received $15,000. The defendant also failed to report to the Internal Revenue Service the fraudulent income he obtained from a Mr. Norris, a mortgage banker, Mr. Tritt, a pilot, and a Mr. Carter, a real estate developer, in the amount of approximately $70,000.

(b) These facts are all made clear in the transcript of the sentencing hearing, attached hereto as Exhibit 1. Reporter's Transcript, Monday, March 24, 1980.

(c) Mr. Seide himself stated to the Court at the time of sentencing (Page 8 of the Transcript, Line 3): "I want to say loud and clear that I feel I received a very fair trial by Judge Enright, more than fair, but more important than that,

'I think I had the finest defense, the most diligent, the most sincere attorney." Also, at Page 8, Line 24, the defendant stated: "But I do feel I had a great trial, and I feel I had a great defense, and that's all I can say."

(d) As pointed out by the Court at the hearing on Wednesday, May 7, 1980, the defendant not only had a fair trial, but all of the instructions on the law given by Judge Enright were absolutely correct. The Court has examined them, and agrees with Judge Enright, who is a very careful Judge. All of the instructions were given according to the law and properly.

(e) Moreover, there is no error in fact or in law that the Court has been able to find despite very careful analysis of the record. While this review of the record does not include the transcript of the trial, the Court is compelled to believe the defendant's own statement that he had a very fair trial. And, as stated before, the Court has looked at the instructions questioned by the defendant and his counsel, and they are all absolutely correct.

(f) For these reasons and numerous others, the appeal is frivolous, without merit, does not present a substantial question of either fact or law, within the meaning of 28 U.S.C. § 1915(a) or 28 U.S.C. § 753(f), the attempted *appeal in forma pauperis* has been and should be denied, along with denial of bail pending appeal, and the Court so certifies and states to the Ninth Circuit, pursuant to the aforesaid Ninth Circuit Order.

2. The defendant poses a very grave danger to other persons and to the community, and therefore, is not entitled to bail on appeal, all pursuant to 18 U.S.C. § 3148, for the following reasons, which are hereby stated in detail, pursuant to the aforesaid Ninth Circuit Order:

(a) Defendant is a notorious, and apparently, committed "con man," confidence man, a person who has no regard for the rights of others and who utilizes fraud, deception, deceit, and every kind of mean trick to defraud persons of their money, including little old ladies of the age of 80 years.

(b) The defendant made threats against at least one Government witness, and this is undenied, and uncontradicted. Further, according to the Government's counsel, Judge Enright had to caution the defendant not to engage in such intimidating and illegal conduct.

(c) The defendant has a long history of assault, battery, unprovoked anger, and attacks upon people, as indicated by the Probation Presentence Report.

(d) If the defendant were to be put on bail pending appeal, the Court finds and so states to the Ninth Circuit a further reason: that he would engage in the same type of fraud, deceit, deception, and "con-activities" that formed the basis for the income which he failed to report and for which failure he was prosecuted in this case. This threat constitutes a definite, clear and present danger.

(e) The aforesaid fraud, deception, lying, and cheating, not only with respect to the Internal Revenue Service, but also with respect to citizens of the community which formed the basis for the income which he failed to report to the Internal Revenue Service, force this Court to conclude, beyond any peradventure of a doubt, that the defendant poses a grave danger to other persons and the community and should not be freed on bail pending appeal.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED:

1. That this "STATEMENT OF REASONS FOR DECISION DENYING BAIL PENDING APPEAL," be and the same hereby is transmitted forthwith to the Court of Appeals for the Ninth Circuit, and particularly, to the Motions Panel which made and entered the aforesaid Ninth Circuit Order, to wit: The Honorable J. Clifford Wallace, and The Honorable J. Blaine Anderson, Circuit Judges, there to abide upon further order of the Ninth Circuit, since the Court herein has, upon reconsideration, as ordered in the aforesaid Ninth Circuit Order of Remand, come to the inescapable conclusion that the aforesaid findings and Statement of Reasons are true and correct and that bail on appeal should be denied to this defendant.

2. That a true and correct certified copy of the Reporter's Transcript of proceedings at the sentencing hearing on Monday, March 24, 1980, be, and the same hereby is attached hereto as Court's Exhibit 1 and incorporated herein as part of the Court's Statement of Reasons Denying Bail Pending Appeal, as though fully set forth verbatim herein.

3. That the Clerk make sufficient certified copies hereof, and forward the same by certified mail, return receipt requested, to the Clerk of the Ninth Circuit Court of Appeals, to the aforesaid Motions Panel thereof, and to the attorneys for the Government and for the defendant herein, all in connection with the within proceeding, numbered 9th Cir. No. 80–1189 (C.D. Cal.No. CR–79–939).